UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Frederick Banks,       ) | |
| ) | |
| Plaintiff,       ) | Case: 1:15-cv-01669   Jury Demand |
| ) | Assigned To : Unassigned |
| v.       ) | Assign. Date : 10/14/2015 |
| ) | Description: Pro Se Gen. Civil (F Deck) |
| Ray Mabus *et al.*,       ) | |
| ) | |
| Defendants.       ) | |

MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e), which requires the Court to dismiss a complaint upon a determination that it, among other grounds, is frivolous.

Plaintiff, a resident of Pittsburg, Pennsylvania, sues Secretary of the Navy Ray Mabus and other Navy officials, the Federal Bureau of Investigation and certain FBI officials, the Central Intelligence Agency and certain CIA officials, and the U.S. Capitol Police and certain Capitol Police officials. He seeks a writ of mandamus essentially to compel an investigation into the status of his unspecified property that allegedly the FBI is holding "hostage." Compl. at 2. Plaintiff alleges, *inter alia*, that he contacted Secretary Mabus and the Confidential Assistant to the Navy Secretary to investigate his claims that the Navy Sea Systems Command was "sending a wireless signal via satellite in real time to harass him electronically using synthetic technology because of law suits he filed against the federal government." *Id.* at 1-2. The allegations continue in this manner.

The complaint is premised on the type of fantastic and delusional scenarios warranting dismissal of the case under § 1915(e)(2)(B)(i) as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Furthermore, a frivolous dismissal is warranted where, as here, the complaint lacks "an arguable basis in law and fact." *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984).

Even if the complaint is not frivolous, it provides no basis for issuing the writ. The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. §1361. Plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution. As a general rule applicable to the circumstances of this case, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (citing *Block v. SEC*, 50 F.3d 1078, 1081-82

(D.C. Cir. 1995)) (other citation omitted). Hence this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

Date: October ___, 2015                    _____
                                            United States District Judge